[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff wife, 61, and the defendant husband, 65, married on December 15, 1973 in Stamford, Connecticut. The parties have resided in Stamford for many years. There are no minor children. The marriage has broken down irretrievably. The marital home, which the parties purchased in 1977 for $85,000, both parties now value at $295,000.
The plaintiff worked for Union Trust for 30 years from 1964 to 1994, when she elected early retirement from First Union Bank after it acquired her employer. She receives $860 monthly as her pension. The plaintiff had been employed by Xerox Federal Credit Union until recently. The circumstances of her termination are in dispute.
The defendant was employed by Berol Corporation for many years until his division was sold in 1988 at which time he was given a lump sum in lieu of pension. He invested the money. He received a severance package of one year's salary and a bonus for helping his employer set up the operation in the South. Subsequently, in 1989, the defendant was employed by Pitney Bowes where he is a production leader earning a gross weekly wage of $1,083 and a net of $779. He has a vested defined benefit pension which can go into pay status should he retire now. The monthly payment is $338.08 as a life annuity or $311.03 as a joint and survivor annuity, (Plaintiff's Exhibit #6).
The defendant's IRA account is maintained by Linsco/Private Ledger. The most recent statement is dated May 31, 1996 (Plaintiff's Exhibit #1). The court did not receive a satisfactory explanation why a more recent statement was not available. The defendant's financial affidavit filed January 30, 1998 states an estimated value of $27,000. He lists a portfolio valued at $111,232 CT Page 5509 on the affidavit. The plaintiff's Exhibit #3 had the same list with values as of September 10, 1997 totaling $112,384. There was one missing annuity that the Linsco representative testified had a value of $16,332.24.
The plaintiff has a portfolio with Linsco/Private Ledger from which she withdrew $11,000 in May, 1997 (Plaintiff's Exhibit #5). She has a USG annuity valued at $26,068, (Plaintiff's Exhibit #4).
A separation of three weeks occurred in 1984. The final separation occurred in September, 1995 when the plaintiff moved to a rented room. The defendant remained in and carried the marital home. At the close of the evidence the court was advised that a sale of the property was imminent.
Although the plaintiff's pension is in pay status that does not mean that it is no longer an asset. It is not listed as an asset on any of the three affidavits filed by the plaintiff. The plaintiff's prayer for relief included a life table which states that, in the column "All races, Both sexes" a 61 year old person is expected to live for 20.2 years. The plaintiff elected a joint and survivor annuity since the defendant retained his survivor's rights. The court concludes that the plaintiff's financial picture is skewed by her failure to include the present value of her pension. The same may be said for the present value of the defendant's Pitney Bowes' pension, but to a far lesser degree in light of his age and the current defined benefit to which he is now entitled. The court has concluded that the parties' pensions, savings and other deferred compensation should not be reallocated.
A major delay in the trial occurred when the defendant established that the plaintiff apparently had an interest in a parcel of land located in Bermuda. The defendant obtained a document listing the plaintiff as one of four siblings who inherited a remainder interest in fee simple subject to a life estate held by their sister in-law who is the widow of the deceased brother. The widow is 58 years old. (Defendant's Exhibit A) and (Plaintiff's Exhibit #9). The entire parcel is valued at $200,000.
The court heard testimony regarding responsibility for the breakdown from both parties. The court is satisfied both parties contributed to the breakdown. Neither party enjoys good health. CT Page 5510
The court, having reviewed the evidence in light of the applicable statutes, and relevant case law, enters judgment dissolving the marriage on the ground of irretrievable breakdown with the following orders:
 1. No periodic alimony is awarded. The defendant shall pay the plaintiff $10,000 lump sum alimony on or before August 31, 1998.
 2. The net proceeds remaining from the sale of the marital home, after payment of all expenses incident thereto, shall be divided equally between the parties.
 3. If the parties have not completed the division of the contents of the said home either party may move for a hearing.
 4. The plaintiff shall retain all the assets currently in her name as her sole property.
 5. The defendant shall retain all the assets currently in his name as his sole property.
 6. Each party shall satisfy the debts each has listed on the respective affidavits filed on January 30, 1998.
HARRIGAN, JUDGE